(No. 35311.—

CITY SAVINGS ASSOCIATION *et al.*, Appellants, *vs.* INTER-
NATIONAL GUARANTY AND INSURANCE COMPANY *et al.*,
Appellees.

*Opinion filed November 19, 1959.*

WILLIAM A. CUNNEA, and L. A. WESCOTT, both of Chicago, for appellants.

HENRY McGURREN, of Chicago, for appellees.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

This appeal is from a summary judgment of the superior court of Cook County holding that City Savings Association and its officers could not recover a premium paid by the association for a policy of insurance on its withdrawable share accounts. A constitutional question was presented to and passed upon by the trial court.

The plaintiff is an Illinois corporation operating under the Illinois Savings and Loan Act. (Ill. Rev. Stat. 1957, chap. 32, par. 701 *et seq.*) The defendant International Guaranty and Insurance Company is a foreign corporation qualified to do business in this State, and defendant McAdams-Van Wagner, Inc., is an Illinois corporation qualified as a surplus line insurance agency. In March, 1958, McAdams-Van Wagner, Inc., executed and delivered to the association an insurance policy effected with International whereby the withdrawable share accounts of the association were insured for a period of one year in the

amount of $10,000 per account. Less than three months later the association sent a written cancellation of the policy to McAdams-Van Wagner and demanded a return of the unearned premium on the policy. The same demand was made on International. The defendants refused to cancel the policy or return the unearned premium. The association then commenced this action.

The association contends that under sections 1—6(b) and 1—10(j) of the Illinois Savings and Loan Act (Ill. Rev. Stat. 1957, chap. 32, par. 706(b) and par. 710(j),) it had no power to contract with defendants for insurance on its withdrawable share accounts and therefore it is entitled to a refund of the unearned premium. The defendants argue that such sections do not prohibit the association from insuring the accounts with them and that if the sections prohibit the purchase of this policy they are unconstitutional. The trial court held that the sections are unconstitutional since they deprive the defendants of property without due process of law.

Section 1—6(b) gives to an association operating under the act the power "To obtain and maintain insurance on the association's withdrawable capital by an insurance corporation as defined in this Act." Section 1—10(j) defines an insurance corporation as "The Federal Savings and Loan Insurance Corporation, or such other instrumentality of or corporation chartered by the United States as hereafter may be established for the purpose of insuring the withdrawable capital of savings and loan associations."

Defendants assert that these sections do not require that an association operating under that act insure its withdrawable accounts exclusively with the Federal Savings and Loan Insurance Corporation or some other Federally chartered instrumentality. As a basis for this assertion, they point out that section 1—8 of the act provides that an association shall also have any power conferred on a corporation by the Business Corporation Act, (Ill. Rev. Stat.

1957, chap. 32, pars. 157.1-157.167,) and that section 1—6 does not expressly prohibit insurance contracts with private insurance companies.

A familiar principle of statutory construction is that the expression of one thing in an enactment excludes any other, even though there be no negative words prohibiting it. (*National Home Building and Loan Ass'n* v. *Home Savings Bank,* 181 Ill. 35; *Swick* v. *Coleman,* 218 Ill. 33.) This court has refused on some occasions to apply that principle where it would defeat the plainly indicated purpose of the law-making body. (*Patteson* v. *City of Peoria,* 386 Ill. 460; *Swick* v. *Coleman,* 218 Ill. 33.) We are of the opinion, however, that the specific reference in section 1—6(b) to insurance corporations as defined in the act and the precise definition given therefor in section 1—10(j) reveals a clear legislative intent to exclude any insurance company not coming within the definition.

The final question is whether sections 1—6(b) and 1—10(j) are constitutional. Defendants argue that they have been deprived of their freedom of contract in violation of section 14 of article II of the Illinois constitution; that many saving and loan associations, whose financial condition prevents them from obtaining insurance with the Federal Savings and Loan Insurance Corporation, have been deprived of their freedom to contract in violation of section 14 of article II; that special privileges and immunities have been conferred on a Federal instrumentality in violation of section 22 of article IV of the Illinois constitution; and that they have been deprived of their liberty and property without due process of law in violation of section 2 of article II of our constitution and of the 14th amendment to the Federal constitution.

Savings and loan associations, like public service companies, are subject to a degree of regulation which would be unnecessary and unreasonable in the case of a private corporation. (*Treigle* v. *Acme Homestead Ass'n,* 297 U.S.

189, 80 L. ed. 575; *People ex rel. Barrett* v. *Logan County Building and Loan Ass'n,* 369 Ill. 518.) Such associations are so integrated in the financial structure of this State and are so important as a method of promoting home ownership and thrift that they must be supervised as a business affecting the economic security and general welfare of the people of this State. (Ill. Rev. Stat. 1957, chap. 32, par. 702.) But the supervision and regulation must be confined to purposes reasonably connected with the public interest. *People ex rel. Barrett* v. *Thillens,* 400 Ill. 224.

The sections now under consideration were enacted by the legislature for the protection of owners of the withdrawable share accounts. There is no requirement, however, that savings and loan associations purchase any insurance of this kind. Nor does the record indicate that a Federally chartered corporation is or would be more financially sound than a private corporation or better able to effectively insure the withdrawable accounts than a private corporation. On the contrary, insurance companies and agencies authorized to do business in Illinois are subject to regulation, control and supervision by the Illinois Director of Insurance. Through such regulation, control and supervision the objective sought under sections 1—6(b) and 1—10(j) may be obtained without an outright prohibition against such companies' right to make contracts of insurance on the withdrawable share accounts. We are of the opinion that these sections are not reasonably connected with the public interest and invalidly designate The Federal Savings and Loan Insurance Corporation and Federally chartered corporations as a favored class without any reasonable basis for the discrimination against insurance companies and agencies authorized to do business in this State. (See: *Metropolitan Trust Co.* v. *Jones,* 384 Ill. 248.) The trial court correctly held these sections to be unconstitutional.

Since the pleadings establish that by the terms of the certificate of insurance the premium paid was a minimum

deposit premium, the plaintiffs were not entitled to a repayment of the unearned portion thereof in view of the unconstitutionality of the statute which prohibited the purchase of insurance from carriers such as the defendants.

The judgment of the superior court of Cook County is therefore affirmed.

*Judgment affirmed.*