(No. 36592.—

KANKAKEE FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant, *vs.* CONRAD F. BECKER, Director of Financial Institutions, *et al.*—(LOUIS E. BECKMAN, *et al.,* Appellees.)

*Opinion filed Nov. 30, 1961.—Rehearing denied Jan. 22, 1962.*

RUSSELL & BRIDEWELL, of Chicago, (HORACE RUSSELL, of counsel,) for appellant.

MCDERMOTT, WILL & EMERY, of Chicago, and EDWIN W. SALE, of Kankakee, (HAMILTON SMITH, of counsel,) for appellees.

*Mr. CHIEF JUSTICE BRISTOW delivered the opinion of the court:

Plaintiff appeals directly to this court from an order of the circuit court of Kankakee County, entered on motion of the defendants, which dissolved and vacated a temporary restraining order, dismissed plaintiff's complaint for want of equity, and denied plaintiff's motion for leave to file its amended complaint.

The complaint sought injunctions against the issuance, delivery, receipt and recording of a certificate of organization and articles of incorporation to State Savings and Loan Association of Kankakee. The defendants are the Director of the Department of Financial Institutions of Illinois, the recorder of deeds of Kankakee County, and the applicants for a permit to organize the State Savings and Loan Association of Kankakee.

From the complaint it appears that on July 20, 1959, an application for permit to organize was filed with the Director of Financial Institutions, notice of the filing thereof and invitation for objections was published on July 22, 1959, in the Kankakee Daily Journal, and plaintiff filed objections to granting the permit on August 4, 1959. There-

---

* This opinion was prepared by the late Mr. CHIEF JUSTICE BRISTOW and was adopted and filed as the opinion of the court.

after, on August 27, 1959 a hearing was had before the Director's delegate and thereafter plaintiff received notice dated December 16, 1959, from the Department that a conditional permit to organize had been granted on condition that State Savings and Loan Association obtain insurance of its accounts by Federal Savings and Loan Insurance Corporation and complete organization as required by law. Plaintiff never appealed from such action of the Director. The complaint further alleged that the condition that State Savings and Loan obtain stated insurance was not met, that the permit was automatically revoked, that State Savings could never be legally chartered pursuant to the revoked permit, and that delivery or recording of the certificate would be illegal. Allegations were also made that the Director proposed to issue and deliver a certificate and articles upon compliance with conditions for insurance of accounts, that they would be recorded, that plaintiff would be irreparably injured and had no adequate remedy at law.

Defendant Director filed a motion to dismiss which stated that a suit against him in his official capacity was inhibited by the constitution; that the proceeding involves the Administrative Review Act; that the complaint fails to show any right of plaintiff to challenge the Department's actions; that the certificate has in fact been issued; that there is nothing in the Savings and Loan Act with regard to insurance of accounts; and that the complaint fails to reveal that a report of complete organization was not made to the director in the allotted time.

The motion of the defendant applicants to dismiss states that a certificate of complete organization was in fact issued and attaches a copy thereof to the motion; that under the Savings and Loan Act plaintiff cannot contest the organization and incorporation of State Savings and Loan; that the act provides that the permit shall be deemed revoked only if a report of organization is not made within the allotted time; that the condition requiring insurance of ac-

counts is unconstitutional; that plaintiff has not complied with the Administrative Review Act; and that plaintiff is attempting to relitigate matters determined by the Department.

At the hearing on the motions, all pleadings and the certificate of complete organization of State Savings and Loan Association dated December 15, 1960, were admitted in evidence. It was also stipulated that defendant Beckman, if put on the stand, would testify that he received the certificate in due course through the mail with a letter of transmittal from the Department advising that the association could not commence business until the certificate was recorded and insurance of accounts obtained.

At the hearing on the motion the court denied plaintiff's oral motion for leave to file an amended complaint which alleged the purported certificate and article were false and fraudulent and also prayed an injunction restraining alleged maintenance of temporary headquarters by State Savings and Loan Association for taking savings account subscriptions.

Following oral arguments and submission of briefs, the trial court entered the order appealed from, after filing a memorandum opinion that the issuance of the certificate was within the Director's discretion, that the court had no authority to substitute its discretion for that of the Director, that the issuance of the certificate is conclusive evidence against the plaintiff of full compliance with all requirements for organization by State Savings and Loan Association, and that plaintiff had an adequate remedy at law by administrative review.

Plaintiff argues in this court that under the statutory provisions of the Illinois Savings and Loan Act (Ill. Rev. Stat., 1959, chap. 32, pars. 701 *et seq.*) the Director of Financial Institutions had no jurisdiction to issue a certificate of authority and articles of incorporation and that those issued are null and void.

Sections 2—2 and 2—3 of the Savings and Loan Act (Ill. Rev. Stat. 1959, chap. 32, pars. 722 and 723) provide for an application for permit to organize a savings and loan association and a hearing on such petition by the Director after publication of notice thereof. So far as pertinent to this proceeding section 2—4 of the act (Ill. Rev. Stat. 1959, chap. 32, par. 724) then provides:

"2—4. The Director shall not approve the application and issue a permit to organize unless he shall find:

(a) That a need exists for an association and that the public convenience and advantage will be promoted by the proposed association, in the community or area of operation stated in the application;

(b) That the proposed capital meets the requirements of this Act;

(c) That the general character of the proposed management is such as to assure reasonable probability of the success of the association; and further to assure the success of the association the Director may require as a condition in the permit that insurance of withdrawable capital shall be effective prior to the issuance of a Certificate of Complete Organization;

(d) * * *

(e) That such association can be established without undue injury to properly conducted existing associations."

After a permit issues to organize, section 2—6(f) of the act (Ill. Rev. Stat. 1959, chap. 32, par. 726) requires the directors to perfect the organization and report completion of organization to the Director within 6 months after date of the permit. If such report of completion is not so made the permit is deemed revoked unless the Director upon good cause shown shall extend the time of filing for a fixed period which shall not exceed 6 months.

Section 2—7 of the act (Ill. Rev. Stat. 1959, chap. 32, par. 727,) pertaining to the certificate of complete organization, provides as follows:

"2—7. When the board of directors has organized as provided in this Act and the report of organization has been filed with the Director, he shall make a thorough examination into the affairs of the association, and if he approves the articles of incorporation and is satisfied that all the requirements of this Act have been complied with, and that no intervening circumstance has occurred to change the Director's findings made pursuant to this Act, upon payment into the Department of Financial Institutions of the reasonable expenses of such examination as determined by the Director, he shall issue a certificate of complete organization authorizing the association to commence business. Such certificate together with the articles of incorporation shall be recorded by filing the same for record in the office of the recorder of deeds in the county in which the association is located. Upon such recording the association shall be fully organized and may commence to do business. *Such certificate of complete organization and articles of incorpoartion, or duly certified copies of the recording thereof, shall be conclusive evidence except against the State that the association has complied properly with all requirements for organization, has been duly incorporated, and is authorized to do business under the provisions of this Act.*" (Emphasis supplied.)

Sections 7—20 through 7—24 of the act (Ill. Rev. Stat. 1959, chap. 32, pars. 860 through 864) make provision for proceedings on any objections to the Director's action, hearings, and review of final administrative decisions under the Administrative Review Act. Ill. Rev. Stat. 1959, chap. 110, pars. 264 *et seq.*

No issue is made of the validity of these statutory provisions. The statutory provisions prescribe certain mandatory conditions which the Director must determine to have been met before issuing a permit to organize, and he is then given discretionary power to prescribe the additional condition of account insurance and to extend the time for filing

the report of completion. Any party in interest taking issue with the Director's findings is given a right of review under the Administrative Review Act. Once a certificate of complete organization is issued it is conclusive against all persons except the State.

The record in this case indicates that the Director, after hearing as prescribed by statute, found the statutory conditions precedent to the issuance of a permit to exist. The plaintiff, although an objector at such hearing, did not avail itself of its right to administrative review. The discretionary condition of providing account insurance imposed by the Director is not a statutory prerequisite to organization. (*City Savings Association* v. *International Guaranty and Insurance Co.* 17 Ill.2d 609.) The certificate of complete organization having issued within the statutory period of 12 months from the Director's office, it is conclusive by the terms of the statute on the plaintiff. We are of the opinion that the trial court decision was correct in all respects and its order is affirmed.

*Order affirmed.*