THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES C. McINTOSH, Defendant-Appellant.

(No. 11342;

Fourth District—March 11, 1971.

Mort A. Segall, of Champaign, for appellant.

C. E. Corbett, State's Attorney, of Monticello, for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

Having pleaded guilty to reckless driving and to driving with license revoked or suspended, the defendant in the consolidated cases was admitted to probation for a period of one year. Prior to the commission of the offenses, the defendant had reached his 21st birthday. During the period of probation, a petition to revoke charged him with a violation of his probation order in that he was not at his place of residence after 11 P.M. on February 12, 1970, but was away from his residence and in the village of Bement at 12:05 A.M. in violation of condition No. 12 of the probation order. Evidence was taken and at its conclusion the trial court denied the motion to revoke the probation and entered an order extending probation from the last day of September, 1970, (the date of its original expiration) to the last day of September, 1971. The trial court reinstated the hours specified in the original probation order and further ordered as a condition to probation that the defendant pay a fine of $50.00 and the costs of this particular proceedings. This appeal is from that order. We reverse.

Shortly after the entry of the original probation order, the probation officer, according to his own testimony, amended original ¶ 12 of the order by requiring the probationer to "abide by State curfew" and stated that the amendment was made by him unsupported by a court

order specifically authorizing such amendment. "I instructed the defendant to abide by the state curfew law and it was my intention in so changing the Probation Order that the state curfew law would be controlling as to the defendant rather than the original paragraph 12 of the Probation Order". We need not determine whether the probation officer had any authority to change the order. If he had no such authority, it is null and void. If he did have such authority and it was effective, the State curfew law does not apply to a person who is more than 18 years of age. (Ill. Rev. Stat. 1969, ch. 23, par. 2371.) At the time of the alleged violation, the defendant was "accompanied and supervised by * * * other responsible companion at least 21 years of age approved by a parent or legal guardian * * *" The evidence shows he was so accompanied and accordingly was not in violation of the curfew law in any event. It is clearly apparent from the testimony of his parents that they believed and he believed that he had to comply with the curfew law and did so.

The order extending probation for an additional year and the imposition of the fine were conditions unauthorized by the statute. Ill. Rev. Stat. 1969, ch. 38, par. 117—3, controls the procedure and provides that upon an alleged violation a warrant may be issued for the arrest of the probationer. This was done in this case. The statute however further provides: "The issuance of such warrant shall toll the running of the probation period until the final determination of the charge, but shall not operate to *expand* the period of probation of any probationer whose probation is *not revoked* as a result of the hearing". (Emphasis supplied.) Paragraph (c) of the same statute provides: "If the court determines that the conditions of probation have not been violated the probationer shall be continued on probation". Since the trial court denied the motion to revoke probation, it is clear that there was a judicial determination that the defendant had not violated the conditions of probation and this being so, he could only enter an order restoring the original order of probation and directing that the probationer be continued on probation in accordance with its original terms. We reach this conclusion from the succeeding paragraph (d) because it is only under that section that the "court may alter the conditions of probation" or impose sentence where a violation is established.

It seems clear from this record that court and counsel were under the impression that the curfew law did apply because the order likewise provides for a fine and under section 2371 1.(c) one who violates that act when it is applicable to them is subject to a fine of not less than $10.00 nor more than $100.00. As we have noted the State curfew law does not apply to this probationer.

We necessarily conclude therefore that under the statute the denial of the petition to revoke probation was a judicial finding that the probation order had not been violated. And this being so, under the statute cited he was without authority to "expand" the original probation order and without authority to impose a fine either under the curfew law or otherwise. Accordingly, the judgment of the trial court must be and it is hereby reversed and the defendant discharged.

Judgment reversed

TRAPP and CRAVEN, JJ., concur.