564

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLARENCE HENLEY, Defendant-Appellant.

(No. 58500;

First District (4th Division)—February 6, 1974.

James J. Doherty, Public Defender, of Chicago (John M. Kalnins, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Roger Horwitz, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County revoking and terminating defendant's probation.

The issues presented on appeal are (1) whether the trial judge at the first revocation hearing had the authority to add conditions to defendant's probation without first finding that the defendant had violated his probation or without first revoking defendant's probation; (2) whether the trial judge consulted matters outside the record prior to revoking defendant's probation; and (3) whether it is cruel and unusual punish-

ment to revoke the defendant's probation for failure to continue in a drug abuse program.

On May 7, 1970, the defendant, Clarence Henley, pleaded guilty to theft of property exceeding $150 in value and was sentenced to four years' probation. On September 2, 1970, a warrant was issued for the defendant's arrest for failure to report to his probation officer and failure to appear in court on a charge of theft. On May 12, 1971, a rule to show cause why probation should not be terminated was issued, and on June 9, 1971, a hearing was held on the rule. At the hearing, the defendant stipulated the facts contained in the rule were true and correct. The rule was read into the record. It indicated the defendant had not reported to his probation officer, and that on September 3, 1970, he was convicted of theft and on November 5, 1970, convicted of criminal trespass of a vehicle. The State and the defendant agreed to an extension of the probation with the condition the defendant enroll in and complete a drug abuse program. The court accepted the arrangement, and probation was extended two years upon condition the defendant complete the drug abuse program.

On March 28, 1972, a warrant for violation of probation was issued. Another rule to show cause why probation should not be revoked was issued on August 11, 1972, and a hearing on the rule was held on August 24, 1972. The only evidence at the hearing was the testimony of the defendant himself. He testified that he entered the Brass Drug Abuse Program but quit after two months. The defendant stated the medication given him by the drug abuse program had caused him to go through some kind of "change," and he subsequently stopped going to the program. After hearing all the evidence, the trial judge stated he would defer any finding until he had an opportunity to review the card index the judge kept on persons placed on probation by the court. Later, the court found a violation of probation, revoked the probation, and sentenced the defendant to a term of from two to six years in the Illinois State Penitentiary.

The defendant's first contention is the trial judge, without first finding the defendant had violated his probation or without first revoking defendant's probation, had no authority in the first revocation hearing to impose the additional condition defendant enter and complete a drug abuse program. The defendant relies on the decisions in *People v. Dotson* (1969), 111 Ill.App.2d 306, and *People v. McIntosh* (1971), 131 Ill.App.2d 989, wherein additionally imposed conditions of probation were held to be a nullity.

■■ We do not agree with the defendant's contention. A rule to show cause why the defendant's probation should not be terminated was

properly issued, and a hearing on the rule was subsequently held. At the hearing the defendant stipulated the contents of the rule were correct. Defendant's attorney entered into an agreement with the State's Attorney that, rather than terminate probation, the State would recommend extension of probation upon condition the defendant complete a drug abuse program. The defendant was informed of the agreement in court by the trial judge, and defendant stated he was willing to abide by the agreement. The trial judge, in the interest of fairness and justice, accepted the State's recommendation and extended defendant's probation two years upon condition he participate in the drug abuse program. In *People v. Ward* (1972), 4 Ill.App.3d 631, the appellate court held that where the defendant admitted committing a crime while on probation, no formal proof of that crime is necessary. It follows that where, as in the instant case, the defendant admits in court he violated his probation, no formal statement by the trial judge that defendant violated probation should be required.

The defendant's second contention is the trial judge consulted matters outside the record prior to revoking defendant's probation at the second probation revocation hearing. The defendant argues it was improper for the trial judge to consult his card index on persons placed on probation by the court.

■■ The defendant's contention is without merit. There is nothing improper about a procedure whereby the court maintains a record of those persons under its supervision. In the instant case, the trial judge had placed the defendant on probation in May, 1970, over two years prior to the second revocation hearing. The card index was kept by the judge to insure fairness to those persons placed on probation by the court, including the defendant in the case at bar.

The defendant finally contends that to revoke defendant's probation for failure to continue in a drug abuse program is cruel and unusual punishment.

■■ The defendant's contention is without merit. In *Robinson v. California* (1962), 370 U.S. 660, 8 L.Ed.2d 758, 82 S.Ct. 1417, the Supreme Court held:

> "A State might impose criminal sanctions, for example, against the unauthorized manufacture, prescription, sale, purchase, or possession of narcotics within its borders. In the interest of discouraging the violation of such laws, or in the interest of the general health or welfare of its inhabitants, a State might establish a program of compulsory treatment for those addicted to narcotics. Such a program of treatment might require periods of involuntary

confinement. And penal sanctions might be imposed for failure to comply with established compulsory treatment procedures."

The trial court in the instant case sought to help the defendant with his drug problem. The defendant did not choose to avail himself of that opportunity. His statement that the medication used in his treatment had caused him to go through some kind of "change" was unsubstantiated and a self-serving explanation of his failure to continue in the drug abuse program. Therefore, there was no cruel and unusual punishment forced on the defendant but rather only the lawful penalties properly imposed for a violation of probation.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN and JOHNSON, JJ., concur.