THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PHILLIP SCHAFFRA *et al.*, Defendants-Appellants.

(Nos. 74-117, 74-118 cons.;

Fifth District—July 14, 1975.

Paul Bradley and James Streicker, both of State Appellate Defender's Office, of Chicago, for appellants.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Defendants-appellants, Phillip Schaffra and David Ely, entered pleas of guilty to the offense of malicious removal of journal bearings (Ill. Rev. Stat. 1973, ch. 114, § 130), a Class 4 felony, and were originally sentenced to terms of periodic imprisonment. Subsequently, the court re-

voked their sentences and resentenced each defendant to a term of 1 to 3 years in the penitentiary. Both defendants appeal from the judgment revoking their sentences of periodic imprisonment, and resentencing them to the penitentiary.

On October 16, 1973, after indictment, both defendants entered negotiated pleas of guilty, and waived their sentencing hearing. Schaffra was sentenced to a term of periodic imprisonment that required him to spend weekends in jail for 7 months, and Ely was required to spend his weekends in jail for 9 months.

Two months after the sentences were imposed, the State filed petitions against the defendants requesting the court to revoke their sentences of periodic imprisonment and to resentence the defendants to the penitentiary. The petitions allege that the defendants missed four weekends. After appearing in court on January 25, 1974, with their attorney, the defendants were handed copies of the petitions and notified that the hearings would be conducted on January 28. At the hearing, the defendants admitted their absence on the weekends mentioned in the petition, and also the additional weekends prior to the hearing on the petition. The reasons given for not reporting were illness, no transportation, being held in the Madison County Jail (Schaffra) and marriage (Schaffra).

The defendants contend that their sentences must be vacated because the trial court failed to conduct a sentencing hearing in accordance with section 5—4—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—4—1) prior to sentencing them to the penitentiary. This contention concerns the construction of the language of two other sections, sections 5—7—2 and 5—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, §§ 1005—7—2, 1005—6—4).

Section 5—7—2 of the Unified Code provides:

"(a) A sentence of periodic imprisonment may be modified or revoked by the court if:

&#42;   &#42;   &#42;

(2) the offender *violates* any of the conditions of sentence;

&#42;   &#42;   &#42;

(c) The *court* shall not modify or revoke a sentence of periodic imprisonment unless the offender has been given written notice and afforded a *hearing* under Section 5—6—4 [Ill. Rev. Stat. 1973, *ch. 38, § 1005—6—4.*] Where a sentence of periodic imprisonment is revoked, the court may impose any other sentence that was available at the time of initial sentencing." (Emphasis added.)

Section 5—6—4 of the Unified Code to which section 5—7—2(c) above refers, states in part as follows:

\* \* \*

"(b) The court shall conduct a *hearing* of the alleged violation. The court may admit the offender to bail pending the *hearing.*

\* \* \*

(h) Resentencing after revocation of probation or of conditional discharge shall be under Article 4 [Ill. Rev. Stat., 1973, ch. 38, sec. 1005—4—1 et seq.] Time served on probation or conditional discharge shall be credited by the court against a *sentence of imprisonment* or periodic imprisonment unless the court orders otherwise." (Emphasis added.)

The question raised with reference to the above statutory language is whether or not after the hearing, referred to in the above two sections on the revocation, is conducted the defendant is then entitled to a presentence hearing as provided under section 5—4—1 (Ill. Rev. Stat. 1973, ch. 38, § 1005—4—1) before he is sentenced.

■■ All parts, provisions or sections of a statute must be construed together, in light of the general purpose and object of the statute, so as to make it harmonious and consistent in all its parts. It is, however, a basic rule of statutory construction that the enumeration of certain things in a statute implies the exclusion of all others. (*In re Estate of Leichtenberg,* 7 Ill.2d 545; *People v. Criswell,* 12 Ill.App.3d 102.) The State correctly points out that section 5—6—4(h) of the Unified Code of Corrections is significant in ascertaining the legislative intent of section 5—7—2 of the Code. This subsection specifically states: "Resentencing after revocation of probation or of conditional discharge shall be under Article 4." (Ill. Rev. Stat. 1973, ch. 38, § 1005—4—1 et seq.) In the very next line the subsection provides: "Time served on probation or conditional discharge shall be credited by the court against a sentence of imprisonment \* \* \*." (Ill. Rev. Stat. 1973, ch. 38, § 1005—6—4(h).) In view of this language, it is obvious that the legislature did not expressly confer on a defendant whose periodic imprisonment was being revoked the right to a presentence hearing provided under article IV. The old Latin maxim *expressio unius exclusio alterius* (*People v. Crisswell,* 12 Ill.App.3d 102) is applicable. Illinois follows this rule of statutory construction. As our supreme court said in *In re Estate of Leichtenberg,* 7 Ill.2d 545, 552:

"It is a fundamental principal of statutory construction that the enumeration of certain things in a statute implies the exclusion of

all others. (*People ex rel. Hansen v. Collins,* 351 Ill. 551; *Tennant v. Epstein,* 356 Ill. 26.)"

The legislature declined to confer a right to a section 5—4—1 presentence hearing after revocation of periodic imprisonment. If the legislature had intended to confer the right to such a hearing, we believe it would have said so. By failing to thus provide, this right was excluded.

■■ We believe that the legislature intended a criminal defendant to have one opportunity for a sentence hearing prior to imposition of a sentence of imprisonment, periodic or otherwise. Accordingly, we conclude that the legislature did not intend that the instant defendant be afforded a second opportuniity to offer mitigating evidence after the court had already revoked their sentences of periodic imprisonment.

The judgment of the Circuit Court of St. Clair County revoking the defendants' sentences of periodic imprisonment and resentencing them to 1 to 3 years is affirmed.

Judgment affirmed.

JONES, P. J., and G. MORAN, J., concur.