*In re* JOHN THOMAS SNEED, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* JOHN THOMAS SNEED, Respondent-Appellant.)

First District (5th Division)   No. 76-271

Opinion filed April 22, 1977.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Linda Ann Miller, and Gary W. Adair, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

The minor-respondent was committed to the Department of Corrections after the Circuit Court of Cook County found him to be in violation of probation. He appeals from the finding and the order of commitment. Several contentions are raised, including a contention that the court erred in denying a motion to transfer the case to the judge who had found the violation of probation. However, because of the view we take of this case, we need only consider respondent's contention that the court lacked statutory authority to extend the original probationary period of six months in the absence of a finding that the conditions of probation had been violated. We reverse the finding of a probation violation and vacate the order of commitment to the Department of Corrections. The pertinent facts follow.

A petition for adjudication of wardship was filed in the Juvenile Division of the Circuit Court of Cook County against the minor-respondent. In the petition, he was charged with aggravated battery, criminal damage to property and two counts of battery. At an adjudicatory hearing held on April 3, 1974, respondent admitted to committing aggravated battery and one count of battery. The petition's remaining counts were dismissed. Respondent was found delinquent and adjudged a ward of the court on April 25, 1974. At a dispositional hearing held on June 20, 1974, he was placed on probation for six months.

A petition for supplemental relief was filed on August 30, 1974, alleging that respondent had violated his probation by leaving his place of abode

without the consent of his parents, in violation of section 2—3(a) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—3(a). A hearing on the petition was never held. On November 11, 1974, another petition for supplemental relief was filed alleging that respondent violated probation by committing assault. At a hearing held on November 26, 1974, the assault charge was dismissed. However, the probation officer recommended that the court extend respondent's probation. The court followed this recommendation and extended the probationary period to January 16, 1975. Respondent made no objections to the extension. A progress report was ordered. On January 16, 1975, the court extended probation to May 15, 1975. This extension was not objected to by respondent at that January hearing. The court considered the progress report and information given by a social worker who felt that "long term placement" was necessary. The Department of Children and Family Services placed respondent at the Lawrence School for Boys on November 18, 1974.

A petition for supplemental relief was filed alleging that respondent had violated his probation in that on April 18, 1975, he committed the offense of attempted rape. In Holiday Court, on April 19, 1975, the charge was reduced from the offense of attempted rape to battery. Respondent entered an admission to the battery charge, and respondent's counsel said "the boy is already on probation." The court found respondent in violation of probation. Another judge of the circuit court presided at the hearing held on May 15, 1975. Respondent's counsel objected to the change of judges and made a motion to transfer the case to the judge who had taken respondent's admission at the hearing held on April 19, 1975. The court, however, denied the motion, revoked respondent's probation, and ordered him committed to the Department of Corrections. A social investigator's report recommended commitment.

OPINION

■■ The State contends that respondent waived any right to claim that the court erred when it extended probation at the hearing held on November 26, 1974, since at that hearing, no objection was made to the extension. Moreover, no objection was made at the hearing held on January 16, 1975. In fact, on April 19, 1975, respondent's counsel said "the boy is already on probation." As a matter of public policy, Illinois courts are under a duty to carefully guard the rights of a minor so as to give minors maximum protection. (*In re Carson* (1973), 10 Ill. App. 3d 387, 388-89, 294 N.E.2d 75.) Even though an objection was not made at the November 26th hearing, we will take notice of the substantial error that was made in extending probation; this initial error controls the outcome of this appeal, because the subsequent proceedings were products of the

error. Supreme Court Rule 615(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 615(a)) permits us to notice plain error and defects affecting substantial rights although no objection was made to the error at the hearing. When the court exceeded its statutory authority by extending the probationary period, respondent suffered a loss of liberty. The extension constituted plain error. (See *People v. Caudell* (1975), 28 Ill. App. 3d 916, 329 N.E.2d 802.) Under the waiver rule of appellate procedure, failure to object to an error precludes consideration of the error on appeal. Supreme Court Rule 615(a) protects respondent from the potential unfairness or harshness of the waiver rule. *People v. Price* (1976), 36 Ill. App. 3d 566, 570, 344 N.E.2d 559; *People v. Pickett* (1973), 54 Ill. 2d 280, 282, 296 N.E.2d 856.

■■ On November 26, 1974, respondent appeared in court for a hearing on an alleged violation of the conditions of his probation. Such a hearing is required by section 5—3(4) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—3(4)); section 5—3(3) of the Act gives the procedural steps which must be followed before the hearing. And section 5—3(6) of the Act provides:

> "After a hearing, the court may modify or enlarge the conditions of probation or of conditional discharge. *If the court finds that the minor has violated a condition at any time prior to the expiration or termination of the period of probation or conditional discharge, it may continue him on the existing disposition, with or without modifying or enlarging the conditions, or may revoke probation or conditional discharge and impose any other disposition that was available under Section 5—2 at the time of the initial disposition.*" (Emphasis added.)

If the court acts on the basis of section 5—3(6) of the Act, there must be a finding that a condition of probation was violated. On November 26, 1974, the court did not find a violation. Indeed, a petition for supplemental relief was dismissed. Thus the court could not act on the authority granted by section 5—3(6). Instead, the court decided to extend respondent's probation. It does not appear that this question has heretofore been considered in Illinois. We are unaware of any cases precisely like the instant appeal. This circumstance forces us to examine *People v. McIntosh* (1971), 131 Ill. App. 2d 989, 267 N.E.2d 759, because the case presents a factual situation which is somewhat analogous to the situation at bar.

The court in *McIntosh* dealt with section 117—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1969, ch. 38, par. 117—3 (now repealed)). The statute provided the procedure to be followed when courts had petitions alleging that there was a probation violation. In *McIntosh,* during a probationary period, defendant was charged with violating a condition involving curfew. A probation revocation hearing

was held where the trial court denied the motion to revoke the probation. However, the court extended probation for one year and imposed a fine of $50 as a condition of probation; the court acted under a mistaken belief that the defendant had violated a curfew law. The judgment of the trial court was reversed in light of section 117—3(c) of the Code (Ill. Rev. Stat. 1969, ch. 38, par. 117—3(c)) which stated: "If the court determines that the conditions of probation have not been violated the probationer shall be continued on probation." The appellate court was of the opinion that the trial court lacked the statutory authority to extend probation or impose the fine. Because the trial court's denial of the petition to revoke probation served as a judicial finding that there had not been a probation violation, the court only had the authority to continue defendant on the original order of probation. Under section 117—3(d) of the Code (Ill. Rev. Stat. 1969, ch. 38, par. 117—3(d)), if there was a probation violation, the court could "alter the conditions of probation or imprison the probationer * * *."

Section 117—1(b) of the Code (Ill. Rev. Stat. 1969, ch. 38, par. 117—1(b)) was not discussed in *McIntosh*. This statute, however, empowered courts to extend a probationary period if there was "good cause." Such a specific grant of authority does not exist in the present adult probation provisions. (Ill. Rev. Stat. 1976 Supp.) ch. 38, pars. 1005—6—1 through 1005—6—4.) And similarly, such a specific grant of authority does not exist in the juvenile probation provisions. (Ill. Rev. Stat. 1973, ch. 37, par. 705—3.) When a statute enumerates certain things, that enumeration implies the exclusion of all other things (*People v. Schaffra* (1975), 30 Ill. App. 3d 600, 602—03, 332 N.E.2d 163), although there be no negative words of prohibition (*City Savings Association v. International Guaranty & Insurance Co.* (1959), 17 Ill. 2d 609, 612, 162 N.E.2d 345). Based on this rule of statutory construction, we conclude that if the legislature had intended to give a juvenile court the authority to extend probation, the legislature would have expressly done so.

The State contends that sections 5—2(3) and 5—11(1) and (2) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, pars. 705—2(3), 705—11(1), (2)) constitute legislative authority permitting courts to extend probationary periods. Section 5—2(3) states:

> "Unless the order of disposition expressly so provides, it does not operate to close proceedings on the pending petition, but is subject to modifications until final closing and discharge of the proceedings under Section 5—11."

Sections 5—11(1) and (2) (Ill. Rev. Stat. 1973, ch. 37, pars. 705—11 (1) and (2)), provisions which look to the duration of wardship and discharge of proceedings, state in pertinent part:

> "All proceedings under this Act in respect of any minor

automatically terminate upon his attaining the age of 21 years.

Whenever the court finds that the best interests of the minor and the public no longer require the wardship of the court, the court shall order the wardship terminated and all proceedings under this Act respecting that minor finally closed and discharged. * * *"

However, we cannot construe these sections as granting courts the authority to modify a probation order by extending the period. We, therefore, believe the State's contention is without merit.

The State also contends that section 5—3(7) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—3(7)) grants authority to extend the period of a probation order. We disagree. The statute relates only to the "conditions" of a probation order:

"The conditions of probation and of conditional discharge may be reduced or enlarged by the court on motion of the probation officer or on its own motion or at the request of the minor after notice and hearing under the Section."

Clearly, a period of six months probation does not constitute a "condition" within the meaning of section 5—3(2) of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—3(2)). A period is merely the amount of time that a probationer is subject to the "conditions." Generally, courts must accept the plain and ordinary meaning of words found in a statute (*People v. McCoy* (1975), 29 Ill. App. 3d 601, 607, 332 N.E.2d 690), and courts must reject a forced construction which would not give effect to the legislative intention. *People v. Eagle Food Centers, Inc.* (1964), 31 Ill. 2d 535, 539, 202 N.E.2d 473.

In addition, the State relies on section 5—8—6(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—6(c)) as authority for the extension of a probationary period. That section, however, is not applicable or sufficiently analogous to the instant case. Section 5—8—6(c) provides for the amendment of an order sentencing an offender to imprisonment.

■■ Since, on June 20, 1974, respondent was placed on probation for six months, the period of probation ended on December 19, 1974. In this special statutory proceeding, the court could exercise no power not specially given in the Juvenile Court Act. (See *Chicago & Northwestern Ry. Co. v. Galt* (1890), 133 Ill. 657, 668, 23 N.E. 425, reasserted in *People v. Abney* (1967), 90 Ill. App. 2d 235, 243, 232 N.E.2d 784.) Judges in the Juvenile Division of the Circuit Court commonly use extensions of probationary periods. Nonetheless, we hold that the court lacked statutory authority to extend the probationary period, as the court first did on November 26, 1974, in the instant case. Therefore, we necessarily conclude that because the first extension was invalid, the subsequent extension of January 16, 1975, was invalid. In any event, we must prohibit

the extension of a period which had already expired at an earlier date, December 19, 1974. Respondent was not validly on probation as of April 18, 1975, so the court, on April 19, 1975, erroneously found respondent in violation of probation. Therefore, the order of commitment which resulted from the finding was improper.

Accordingly, we reverse the circuit court's finding of a probation violation and vacate the court's order of commitment to the Department of Corrections.

Reversed and vacated.

LORENZ and MEJDA, JJ., concur.