In *re* CARL TUCKER, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* CARL TUCKER, Respondent-Appellant.)

First District (4th Division)   No. 77-551

Opinion filed November 3, 1977.

Ralph Ruebner and David Mejia, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

A petition for the adjudication of wardship of respondent, Carl Tucker, was filed on September 4, 1975, and on February 2, 1976, he was sentenced to 6 months probation. Petitions for supplemental relief with accompanying orders of temporary detention were filed on July 26, 1976, August 19, 1976, and August 30, 1976. All supplemental petitions alleged that respondent had committed an act of burglary.

No hearings were held on the first two supplemental petitions. On September 17, 1976, there was a hearing on the third supplemental petition, which alleged that respondent had committed a burglary on August 29, 1976. This act allegedly occurred more than 6 months after the imposition of the probationary period. The court found that the State had proved its case by a preponderance of the evidence and held that respondent had violated his probation. The court specifically stated that as of August 29, 1976, the date specified in the third supplemental petition, respondent was still subject to the probation order of February 2, 1976, because of the filing of the supplemental petitions. The court subsequently ordered that respondent be committed to the Department of Corrections.

■■ The issue for review is whether a supplemental petition, filed during respondent's term of probation but never adjudicated, tolled the sentence of probation such that the juvenile court had authority to proceed on a subsequent supplemental petition filed after the original period of probation had expired. Respondent contends that the 6-month term of probation entered on February 2, 1976, expired on August 2, 1976, and it was erroneous for the court to revoke his probation based on an event which occurred on August 29, 1976, after the term of probation had expired. He relies on section 5—3(6) of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 705—3(6)) and on the case of *In re Sneed* (1977), 48 Ill. App. 3d 364, 363 N.E.2d 37.

Section 5—3(6) provides as follows:

"After a hearing, the court may modify or enlarge the conditions of probation or of conditional discharge. *If the court finds that the minor has violated a condition at any time prior to the expiration or termination of the period of probation* or conditional discharge, it may continue him on the existing disposition, with or without modifying or enlarging the conditions, or may revoke probation or

conditional discharge and impose any other disposition that was available under Section 5—2 at the time of the initial disposition." (Emphasis added.)

In *Sneed*, respondent was placed on 6 months probation and a petition for supplemental relief was filed before the expiration of the term. The petition was dismissed after a hearing, but the court, nevertheless, extended respondent's probation until May 15, 1975. Prior to the expiration of that term, another supplemental petition was filed, and the court found respondent had violated his probation and committed him to the Department of Corrections. The appellate court held that the juvenile court could exercise no power not specially given in the Juvenile Court Act. (*Sneed*, at 369.) The *Sneed* court reversed the finding of probation violation and held that if a court acts on the basis of section 5—3(6), there must be a finding that a condition of probation was violated within the probationary period. *Sneed*, at 367.

■■ The State maintains that the supplemental petition which was filed on July 26, 1976, tolled the sentence of probation until final disposition of that petition so that respondent was still on probation when the supplemental petition of August 29, 1976, was filed. The State relies on section 5—6—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(a)), the section concerning adult probation. In that section there is an additional paragraph which does not appear in the Juvenile Court Act:

"The issuance of such warrant or summons shall toll the sentence of probation or of conditional discharge until the final determination of the charge, and the term of probation or conditional discharge shall not run so long as the offender has not answered the summons or warrant."

The State contends that although the Juvenile Court Act does not contain such a provision, the adult probation statute applies to juvenile cases where there is no conflict with the Juvenile Court Act. The State relies on the case of *People v. Clark* (1971), 48 Ill. 2d 554, 272 N.E.2d 10, which construed a similar provision under the former adult probation statute. (Ill. Rev. Stat. 1969, ch. 38, par. 117—3(a).) However, *Clark* does not support the State's contention. In that case, the court held only that the fact that probation would have elapsed during the period between the issuance of the warrant and the final hearing does not affect the jurisdiction of the court to enter a valid order. *Clark*, at 557-58.

In this case, only the supplemental petition dated July 26, 1976, was filed within the original period of probation, and no hearing had been held on that petition when the subsequent petitions were filed. On the date of the hearing of the third supplemental petition, there had been no finding pursuant to section 5—3(6) that respondent had violated any

condition "prior to the expiration or termination of the period of probation." Therefore, the trial court had no authority to revoke probation and commit respondent to the Department of Corrections. *In re Sneed* (1977), 48 Ill. App. 3d 364, 367, 363 N.E.2d 37, 40.

Accordingly, we reverse the circuit court's finding of a probation violation and its order of commitment to the Department of Corrections.

Reversed.

LINN and ROMITI, JJ., concur.