*In re* GARY GEBHARDT, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* GARY GEBHARDT, Respondent-Appellant.)

First District (1st Division)   No. 62918

Opinion filed November 28, 1977.

James Geis and Victoria J. Meyers, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Iris E. Sholder, and Wendy Paul Billington, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

The respondent, Gary Gebhardt, appeals from a judgment of the circuit court of Cook County, juvenile division, which revoked his probation and committed him to the Department of Corrections. While respondent advances several issues, in our opinion we need only consider whether the circuit court could properly revoke probation when the initial probationary term had expired prior to the filing of a petition charging violation of probation based on acts committed after expiration of the initial term.

On August 8, 1974, respondent, then 16 years of age, entered an admission to a petition for adjudication of wardship alleging he was delinquent and charging he committed a burglary on July 16, 1974. He was found delinquent and placed on six months probation. A supplemental petition alleging that respondent violated probation on October 24, 1974, was filed one·day thereafter. Hearings were held on this supplemental petition and probation was "extended" on January 29, January 30 and February 18, 1975; but the record reveals no final disposition of this petition.

On April 10, 1975, a second supplemental petition was filed alleging the minor violated probation by absenting himself from home without his parents' permission on March 3, 1975. On the same date, the court revoked probation and committed respondent to the Department of Corrections.

This case is controlled by the recent case of *In re Sneed* (1977), 48 Ill. App. 3d 364, 363 N.E.2d 37, which decided that the juvenile court lacks statutory authority to extend the term of probation. (See also *In re Tucker,* (1977), 54 Ill. App. 3d 600, 370 N.E.2d 45.) In the present case, probation was revoked on April 10, 1975, based on a supplemental petition filed the same date, alleging a violation of probation on March 3, 1975. However, respondent's term of probation had expired in February 1975 and the court had no authority to extend the term beyond the original six-month period. The revocation of probation, therefore, was not timely.

Accordingly, the circuit court's finding of a violation of probation is reversed and the order committing respondent to the Department of Corrections is vacated.

Reversed and vacated.

McGLOON and O'CONNOR, JJ., concur.