*In re* PAMELA SIMS, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* PAMELA SIMS, Respondent-Appellant.)

First District (3rd Division)    No. 76-738

Opinion filed December 21, 1977.

James Geis and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The minor-respondent, Pamela Sims, appeals from a judgment of the circuit court of Cook County, Juvenile Division, which revoked her probation and committed her to the Department of Corrections. Sims contends the circuit court was without authority to act in this matter because the term of probation initially imposed had expired.

Sims was adjudged delinquent based on her admission to attempt robbery. On September 8, 1975, she was placed on probation until March 8, 1976. The record suggests that in November 1975 a petition alleging that respondent was a minor in need of supervision was presented to the court. (Ill. Rev. Stat. 1975, ch. 37, par. 702—3.) The basis for this action appeared to be that respondent had not attended school and was quarrelsome with her mother. The trial court warned respondent that she should be cooperative and then continued the matter. The record further shows that on March 1, 1976, a clinical examination was requested and two weeks later the court extended respondent's probation pending

receipt of such report. On March 25, 1976, a petition for supplemental relief was filed alleging that respondent had violated her probation. The subsequent hearing disclosed that respondent had been truant from school shortly after she had been placed on probation; she refused to live at home; and she had not kept weekly appointments with her probation officer. The record demonstrates that Sim's probation officer knew of the truancy and home situation in January 1976.

Sims contends her term of probation expired on March 8, 1976, and the trial court had no authority to extend that term. She relies on *In re Sneed* (1977), 48 Ill. App. 3d 364, 363 N.E.2d 37.

The *Sneed* case involved a juvenile who was placed on a 6-month term of probation. The probationary term was thereafter "extended," and probation was revoked upon an act occurring during the extended term. In concluding that the trial court had no authority to revoke probation under the circumstances presented, this court reviewed the various provisions of the Juvenile Court Act. (Ill. Rev. Stat. 1975, ch. 37, par. 701—1 *et seq.*) After examination of the Act, it was determined that no specific statutory provision expressly provided for the extension of a juvenile's probationary period, thus demonstrating the legislature's intent not to authorize such procedure. The State does not advance any compelling argument concerning statutory interpretation to require deviation from the holding in *Sneed*.

■■■ In the present case the petition for supplemental relief upon which probation was revoked was filed after the term of probation initially set by the trial court had expired. The State, however, seeks to factually distinguish *Sneed* because in this case the conduct which gave rise to the probation violation was committed during the initial period, while in *Sneed* the conduct took place during the extended period. This distinction is without merit because in each case the State sought to revoke probation after the original probationary term had expired and during the "extended" probationary period. Further, we discern no statutory authority to sustain the State's position on this basis.

The State says a juvenile might violate probation on the final day of the term and action might not be taken, thus defeating the statutory purposes of the Juvenile Court Act. However, such conduct might sustain a separate delinquency petition or other juvenile proceeding. Moreover, in the present case the State was aware of respondent's breach of her probation conditions substantially in advance of the expiration of the original probationary term; yet no timely attempt was made to revoke probation. We conclude the State's position in this regard is more properly addressed to the legislature rather than this court. For example, the adult probation term is tolled when a petition to revoke probation is

filed. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(a).) No express equivalent provision is found in the Juvenile Court Act.

We are of the opinion that the trial court was without authority to extend respondent's probation and the attempt to revoke probation was not timely. Accordingly, the circuit court's finding of a probation violation is reversed, and its order of commitment is vacated.

Reversed and vacated.

SIMON, P. J., and McNAMARA, J., concur.