*In re* MOSELL TURNER, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* MOSELL TURNER, Respondent-Appellant.)

First District (3rd Division)   No. 77-399

Opinion filed September 13, 1978.

Ralph Ruebner and John T. Maher, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Mary Ann Callum, and Stephen D. Ferrone, Assistant State's Attorneys, of counsel), for the People.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

The minor-respondent, Mosell Turner, appeals from a judgment of the Juvenile Division of the Circuit Court of Cook County which revoked his probation and committed him to the Department of Corrections. Turner contends that the circuit court was without authority to enter the judgment because he had never been adjudicated a ward of the court; the State failed to prove he was under 17 years of age at the time of the offense upon which he had been found to be delinquent, and the term of probation initially imposed had expired at the time that the trial court purportedly revoked his probation and committed him to the Department of Corrections.

On August 21, 1973, a petition for adjudication of wardship was filed alleging Turner to be delinquent for having committed the offense of disorderly conduct in violation of section 26—1(a)(6) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 26—1(a)(6)). Following a hearing on the petition, Turner was found to be delinquent on January 7, 1974, and a social investigation was ordered. After several continuances the court entered a dispositional order placing the respondent on probation for a period of 12 months. This order was entered on October 28, 1974.

On October 6, 1975, the State filed a petition for supplemental relief alleging that Turner had violated his probation by committing two burglaries on October 4, 1975. Pending a hearing on this petition the court, on October 9 and December 1, "extended" the respondent's probation. During this extended probation, a second petition and a third petition for supplemental relief were filed on December 23, 1975. The

second petition alleged that Turner committed a theft on December 17; the third petition referred to an escape on December 22. The State consolidated the three petitions for supplemental relief and sought an order revoking the respondent's probation and committing him to the Department of Corrections. On January 29, 1976, the court dismissed the first petition for supplemental relief for want of prosecution and held a hearing on the merits regarding the allegations of the second and third petitions. Following the hearing the court found that the State had sustained its burden of proving the violations of probation on December 17 and 22, 1975. A supplemental social investigation was ordered and the matter was continued for disposition until February 9, 1976, at which time the court revoked Turner's probation and committed him to the Department of Corrections.

■■ Turner contends that the court lacked authority to revoke his probation and commit him to the Department of Corrections, because the order of revocation and commitment was entered at a time subsequent to the expiration of his initial term of probation. Recent decisions of this court have held that proceedings in the nature of supplemental relief to revoke probation imposed upon a delinquent minor must conform strictly to the terms of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 701—1 et seq.; In re Sims (1977), 56 Ill. App. 3d 364, 371 N.E.2d 935; In re Tucker (1977), 54 Ill. App. 3d 600, 370 N.E.2d 45; In re Sneed (1977), 48 Ill. App. 3d 364, 363 N.E.2d 37.) Section 5—3(6) of the Act authorizes the court to revoke probation under certain conditions:

> "After a hearing, the court may modify or enlarge the conditions of probation or of conditional discharge. *If the court finds that the minor has violated a condition at any time prior to the expiration or termination of the period of probation* or conditional discharge, it may continue him on the existing disposition, with or without modifying or enlarging the conditions, or *may revoke probation or conditional discharge and impose any other disposition that was available under Section 5—2 at the time of the initial disposition.*" (Emphasis added.) Ill. Rev. Stat. 1975, ch. 37, par. 705—3(6).

■■ ■ Consequently, the orders of October 9 and December 1, 1975, purporting to "extend" the probation of the respondent herein, were without authority because no hearing was held on either of these dates to determine facts which would have authorized the "extensions." (*Sneed.*) Nor can it be said that the mere filing of the first petition alleging a violation of probation on October 4, 1975, a date within the initially imposed period of probation, acted to toll the initial period. (*Tucker.*) The first petition was subsequently dismissed for want of prosecution. The second and third petitions for supplemental relief, those upon which the court based its findings that Turner had violated probation, alleged

conduct which occurred after the expiration of the initial period of probation. Since these petitions were filed and heard after the expiration of the initial probationary term, there was no probation then in effect and, therefore, nothing to revoke. *Sims.*

■■ Having failed to timely prosecute the only violation which was alleged to have occurred during the initial period of the respondent's probation, the State permitted probation to expire on October 29, 1975. Petitions filed subsequent to this date, alleging violations occurring after this date, were ineffective to revoke respondent's probation, since his probation had already expired. Therefore, the trial court was without authority to find that probation had been violated and to commit the respondent to the Department of Corrections. Accordingly, the Circuit Court's finding of a probation violation is reversed, and its order of commitment is vacated.

Because we have concluded that the respondent's commitment to the Department of Corrections should be vacated on the grounds outlined above, there is no need to address the other contentions on appeal.

Reversed and vacated.

JIGANTI, P. J., and SIMON, J., concur.