*In re* CLYDELL SMITH, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* CLYDELL SMITH, Respondent-Appellant.)

First District (3rd Division)    No. 77-1725

Opinion filed October 11, 1978.

James J. Doherty, Public Defender, of Chicago (Michael R. McInerney and Frances G. Sowa, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Francis X. Speh, Jr., and Michael R. Sherwin, Assistant State's Attorneys, of counsel), for the People.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:
Respondent, Clydell Smith, appeals from the finding of the Circuit Court of Cook County, Juvenile Division, that he had violated probation. At the dispositional hearing, the respondent was recommitted to probation for a term of one year. On appeal he contends that the trial court lacked jurisdiction over him because the initial probationary period had expired prior to the finding of a violation of probation, and the evidence was insufficient to sustain such finding.

The record shows that on September 9, 1974, the respondent was placed on probation for a term of one year based on his admission to several delinquent acts. On September 8, 1975, a petition for supplemental relief was filed charging the respondent with unlawful use of a weapon. Two months later, a hearing was conducted; the respondent was found in violation of probation and in January 1976 he was recommitted to probation.

The respondent contends that there was no authority to recommit him to probation since his initial probationary period expired on September 9, 1975, and the finding of a probation violation did not occur until several months thereafter. The respondent relies on this court's opinion in *In re Sneed* (1977), 48 Ill. App. 3d 364, 363 N.E.2d 37.

■■ That decision was recently affirmed by the Illinois Supreme Court. (*In re Sneed* (1978), 72 Ill. 2d 326, 381 N.E.2d 272.) The supreme court stated that an "extension [of probation] is only permitted if the court, following a hearing, finds that the minor violated a condition of probation." In so holding, the supreme court examined section 5—3(6) of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 705—3(6)) which concerns the court's authority should the minor be found in violation of probation. That section provides:

"*After a hearing*, the court may modify or enlarge the conditions

of probation or of conditional discharge. If the court finds that the minor has *violated a condition at any time prior to the expiration or termination of the period of probation* or conditional discharge, *it may continue him on the existing disposition,* with or without modifying or enlarging the conditions, or may revoke probation or conditional discharge and impose any other disposition that was available under Section 5—2 at the time of the initial disposition." (Emphasis added.)

The crucial question is whether the filing of the supplemental petition prior to the expiration of the original probation term tolled the running of the term thereby allowing the finding that a condition of probation had been violated even though such determination was made after the term had expired. The decisions of this court in *In re Tucker* (1977), 54 Ill. App. 3d 600, 370 N.E.2d 45, and *In re Sims* (1977), 56 Ill. App. 3d 364, 371 N.E.2d 935, alluded to that situation. While that factor was not controlling in the disposition of those appeals, the opinions suggest that the determination of a probation violation must occur prior to the expiration of the probationary term. The court in *Sims* specifically noted that the Juvenile Court Act did not contain a provision tolling the probationary term upon the filing of a revocation petition, although such provision existed in the case of adult probation revocation proceedings.

■ We conclude that since the respondent's term of probation had expired before he was found in violation of probation, the mere filing of the supplemental petition before the expiration of the initial probation term did not affect the running of this period. Thus, the court lacked authority to enter the dispositional order recommitting him to probation.

Accordingly, the judgment of the circuit court is reversed and vacated.

Because we have concluded that the order of recommitment of the respondent to probation should be vacated on the grounds outlined above, there is no need to address the other contention on appeal.

Reversed and vacated.

JIGANTI, P. J., and SIMON, J., concur.