CAROLE ANN FIELD, Guardian of the Estate of Gabrielle Lynette Field, a Minor, Plaintiff-Appellee, v. BOARD OF TRUSTEES, Alton Firemen's Pension Fund, Defendant-Appellant.

Fifth District   No. 5—88—0162

Opinion filed November 6, 1989.

William E. Miller III, of Coppinger, Carter, Schrempf & Blaine, Ltd., of Alton, for appellant.

Theodore E. Diaz, of Law Offices of Theodore E. Diaz, of Alton, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Board of Trustees, Alton Firemen's Pension Fund, appeals from a declaratory judgment of the circuit court of Madison County finding that Gabrielle Lynette Field, a minor, was entitled to her deceased natural father's pension benefits following her lawful adoption by Stephen Bruce Field. In this cause, we are presented with a single issue: whether a natural child of a deceased fire fighter is entitled to receive the fire fighter's pension benefits after the natural child is adopted by another person. This court affirms.

The facts in this case are not in dispute. Elton Lee Hickman, decedent, was employed as a fire fighter by the Alton Fire Department and was a member of the Alton Firemen's Pension Fund. He was divorced from his wife, Carole Ann Field, in 1977. The divorce decree found that Gabrielle Lynette Field, born October 10, 1976, was the child of the decedent. On July 16, 1985, decedent, who was unable to swim, drowned while wading in deep water. This drowning was not work related. Approximately five months later, on December 27, 1985, Gabrielle Lynette Field was lawfully adopted by Stephen Bruce Field in Harris County, Texas. Gabrielle now lives with her natural mother and adoptive father in Texas.

Initially, defendant refused to pay pension benefits to Gabrielle, but subsequently paid benefits from the date of her natural father's death to the date of her adoption. Defendant has not paid benefits since the adoption. Carole Ann Field, on behalf of her minor daughter, filed a complaint for declaratory judgment on behalf of her daughter to determine Gabrielle's rights to pension benefits under the Illinois Pension Code (Firemen's Pension Fund Act). Ill. Rev. Stat. 1985, ch. 108½, par. 4—101 *et seq.*

Defendant basically argues that in order to receive pension benefits under the Firemen's Pension Fund Act, a child of a deceased fire fighter must establish and maintain the legal relationship of a dependent of the deceased fire fighter. Defendant contends that a means-related dependency rather than a status dependency is required, and, since the minor is now legally adopted by another, she is no longer dependent on her deceased natural father for support. Finally, defendant argues dependency should be measured not only at the

time of the fire fighter's death, but also with the changing circumstances subsequent to the fire fighter's death, namely, the minor's adoption. Plaintiff replies that the pension immediately vested upon the death of the minor's natural father and that his death created an immediate, indefeasible contractual right in the minor child, Gabrielle, to 12% of the deceased fire fighter's monthly salary. The fact that the minor was subsequently adopted is not specifically made a condition subsequent by the statute so, therefore, the minor's vested right to the pension was not terminated. We agree with plaintiff.

■ We find the problem to be one of statutory construction. It is agreed that all parts, provisions, or sections of a statute must be construed together in light of the general purpose and object of the statute, so as to make it harmonious and consistent in all parts. It is, however, a cardinal rule of statutory interpretation that enumeration of certain matters in a statute implies the exclusion of all others. *In re Estate of Leichtenberg* (1956), 7 Ill. 2d 545, 552, 131 N.E.2d 487, 490; *People v. Schaffra* (1975), 30 Ill. App. 3d 600, 602, 332 N.E.2d 163, 165; *People v. Criswell* (1973), 12 Ill. App. 3d 102, 298 N.E.2d 391.

■ In the instant case, the Firemen's Pension Fund Act (Ill. Rev. Stat. 1985, ch. 108½, par. 4—101 *et seq.*) is the controlling statute. Section 4—114 of this act provides:

"§4—114. Pension to survivors. If a firefighter dies (1) as a result of any illness or accident, or (2) from any cause while in receipt of a disability pension under this Article, or (3) during retirement after 20 years service, or (4) while vested for or in receipt of a pension payable under subsection (b) of Section 4—109, or (5) while a deferred pensioner, having made all required contributions, a pension shall be paid to his or her survivors, based on the monthly salary attached to the firefighter's rank on the last day of service in the fire department, as follows:

(a) To the surviving spouse, while unmarried, a monthly pension of 40% of the monthly salary, and to the guardian of any minor child or children including a child which has been conceived but not yet born, 12% of such monthly salary for each such child until attainment of age 18 or until the child's marriage, whichever occurs first. Beginning January 1, 1984, a minimum pension of $300 per month shall be paid to all surviving spouses." (Ill. Rev. Stat. 1985, ch. 108½, par. 4—114(a).)

In view of this language, it is clear that the General Assembly made

only two provisions under which a minor can lose entitlement to 12% of his or her parent's pension benefits: (1) attainment of age 18, or (2) marriage. Adoption of a minor is not listed as an occurrence which will result in surrender of a minor's entitlement to these pension benefits. By this exclusion we find that the General Assembly did not intend to make adoption an occurrence which would terminate pension benefits to minors. In further support of our decision, we find that the General Assembly can and has indicated in another pension fund, the university pension fund (Ill. Rev. Stat. 1985, ch. 108½, par. 15—101 *et seq.*) that adoption of a minor will result in surrender by that minor of the status that entitles the minor to payment of benefits. Section 15—147 of the university pension fund provides, in pertinent part:

"§15—147. Survivors insurance benefits—Dependency conditions. A child is deemed dependent upon his or her natural or adopting father or mother if the child is living with or receiving support from such parent. If the child is not living with or receiving support from such parent, he or she is deemed dependent upon that parent if the child (1) has not been adopted by some other individual, and (2) is not living with or receiving more than ½ support from his or her stepparent." (Ill. Rev. Stat. 1985, ch. 108½, par. 15—147.)

In the above language, the General Assembly has acknowledged instances in which adoption will terminate a minor's right to pension benefits. Because the General Assembly chose not to include adoption as an occurrence that changes the entitlement of a minor to his parent's pension fund in the Firemen's Pension Fund Act, we find that the minor did not forfeit her right to her natural father's pension benefits.

■ We further find no merit in defendant's argument that a means-determined dependency is controlling. Defendant argued that because in 1975 the General Assembly added the word "dependent" before the word "benefits" in section 4—115.1 of the Firemen's Pension Fund Act, the General Assembly intended that in order for a minor to recover pension benefits, that minor had to be financially dependent on the deceased fire fighter. Section 4—115.1 provides:

"§4—115.1. Eligibility of children. Dependent benefits shall be paid to each natural child of a deceased firefighter, and to each child legally adopted before the firefighter attains age 50, until the child's attainment of age 18, or marriage, whichever occurs first, whether or not the death of the firefighter occurred prior to November 21, 1975. Benefits payable on ac-

count of a child under this Article to children shall not be reduced or terminated by reason of the .child's attainment of age 18 if he or she is then dependent by reason of a physical or mental disability but shall continue to be paid as long as such dependency continues. Individuals over the age of 18 and adjudged as a disabled person pursuant to Article XIa of the Probate Act of 1975, except for persons receiving benefits under Article III of The Illinois Public Aid Code, shall be eligible to receive benefits under this Act." (Ill. Rev. Stat. 1985, ch. 108½, par. 4—115.1.)

Again, we find that because adoption was not made an occurrence upon which pension benefits would terminate, the General Assembly did not intend to make adoption a reason for termination. Moreover, as plaintiff pointed out in her brief, the word "dependent" can be a generic term applied to all surviving spouses and children, even an independently wealthy widow or child.

■ The question of dependency is potentially confusing, but we find that in the context of this case, dependency signifies status dependency, not a means-determined dependency. With this in mind, the minor's right to her father's pension vested at his death, and she is entitled to these benefits until she reaches age 18 or until she marries. We find that the trial court was correct in determining that the adoption of the minor did not justify termination of pension benefits to her.

For the foregoing reasons, this court affirms the declaratory judgment of the circuit court of Madison County.

Affirmed.

HARRISON and RARICK, JJ., concur.