Ms. Cathryn E. Hinshaw, Executive Director Arkansas Fire Police Pension Review Board P.O. Drawer 34164 Little Rock, AR 72203
Dear Ms. Hinshaw:
This is in response to your request for an opinion on a question prompted by the Secretary to the Board of Trustees of the City of Hamburg Firemens' Pension and Relief Fund. The correspondence attached to your request indicates that a volunteer fireman was killed in an accident when he was not on duty. His survivors were a widow and two children. The widow later remarried, and her benefits were immediately stopped. It is also indicated that, while the Board apparently does not know exactly when, the widow's new husband has adopted the children. At its last meeting, the Board decided that the adoption nullified the eligibility of the children and voted to discontinue their benefits. The question presented is whether the Board's action was legal.
Although this issue is not clearly answered by the statutes or Arkansas case law, it is my opinion that the language of A.C.A. §24-11-820 (Repl. 1992) implies that the Board's action in discontinuing the children's benefits because of the adoption was, in all likelihood, inappropriate.
The relevant statutory provision, § 24-11-820, states with regard to pension benefits that may be received by the children of a covered member who dies, that:
 (b)(1) . . . [T]he board of trustees may order and direct the payment of, in the case of volunteer or part-paid fire fighters, the sum of twenty-five dollars ($25.00) per month for each child under nineteen (19) years of age who has not completed high school. . . .
* * *
 (4) If any . . . child shall marry, then the person so marrying shall thereafter receive no further pension from the funds provided for the operations of this act.
Although there are no Arkansas cases construing this provision which are precisely on point, my research indicates that the court of at least one other state has expressly held that a child's right to pension benefits is not affected by the child's adoption by another party. In Field v. Board of Trustees,190 Ill.App.3d 730, 546 N.E.2d 1116 (1989), the Appellate Court of Illinois held that the natural child of a deceased firefighter was entitled to receive the firefighter's pension benefits after the natural child was adopted by another person.
The case involved a firefighter who died in a non-work-related accident. He was divorced from his wife but he did have a daughter who survived him. The daughter was adopted by her mother's husband after the firefighter's death. The pension board initially refused to pay pension benefits to the daughter, arguing that, because of the adoption, she was no longer dependent on the deceased firefighter. In construing Illinois' statute, which is similar to that of Arkansas', the court found that, because a child's adoption was not specifically made a condition for termination of benefits by the statute, the minor's vested right to the pension was not terminated by her adoption.
Under the Illinois statute, the legislature had made only two provisions under which a minor could lose entitlement to his or her parent's pension benefits: (1) attainment of age 18, or (2) marriage. Adoption of a minor was not listed as an occurrence which would result in surrender of a minor's entitlement to these pension benefits. By this exclusion the court found that the legislature did not intend to make adoption an occurrence which would terminate pension benefits to minors. With this in mind, the court found that the minor's right to her father's pension vested at his death and she was entitled to the benefits until she reached age 18 or until she married.
Arkansas' statute, which is similar to that of Illinois', provides that children who reach age 19, who complete high school, or who marry, shall become ineligible for pension benefits. A.C.A. § 24-11-820(b)(1) (4). The section does not state that a child who is adopted shall become ineligible for benefits.
While Field v. Board of Trustees, supra, is not controlling authority in Arkansas, the court's reasoning is persuasive. In my opinion, the ruling would, in all likelihood, be echoed with respect to the similar pension provision in Arkansas. It should be noted, additionally, that the Arkansas Supreme Court has held that pension acts should be construed liberally in favor of those to be benefitted. Looper v. Gordon, 201 Ark. 841, 147 S.W.2d 24
(1941).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh